IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-496-RJC
(3:06-cr-194-RJC-1)

| | |
|---|---|
| DEVON RAYMUS STURDIVANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and Supplement seeking alternative relief, (Doc. No. 4). For the reasons that follow, Petitioner's motion and supplement will be dismissed.

**I. BACKGROUND**

On October 3, 2006, Petitioner pled guilty conspiring to attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). The Court sentenced Petitioner to 202-months' imprisonment on Count One, and 60 consecutive months on Count Two. (Case No. 3:06-cr-194, Doc. No. 32: Judgment at 1-2). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit which affirmed in all respects. United States v. Sturdivant, 319 F. App'x 234 (4th Cir. Mar. 23, 2009).

1

On April 4, 2011, Petitioner filed a motion under § 2255 raising a number of constitutional challenges to his conviction, which the Court denied as untimely on May 17, 2011. (Case No. 3:11-cv-161, Doc. No. 5: Order). Petitioner did not appeal that decision.

On June 4, 2012, the Fourth Circuit denied Petitioner's attempt to file a successive application for relief under § 2255. (Case No. 3:06-cr-194, Doc. No. 47: Order). Nevertheless, on August 9, 2012, Petitioner filed the instant motion under § 2255 contending that a prior conviction which the Court used to designate him a Career Offender under the United States Sentencing Guidelines no longer qualified as a predicate in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1: Motion at 5, 13). Counsel from the Federal Defenders of Western North Carolina, Inc., filed a supplement seeking alternative relief under 28 U.S.C. § 2241, Writ of Coram Nobis, or Writ of Audita Querela. (Doc. No. 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Successive § 2255

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (in case where petitioner sought relief under Simmons, district court was obligated to dismiss unauthorized successive § 2255 motion); Villanueva v. United States, 346 F.3d 55, 61-62 (2d Cir. 2003) (dismissal of prior § 2255 as untimely is an adjudication on the merits requiring appellate permission to file second or successive motion).

### B. Alternative Claims

#### 1. Relief under 28 U.S.C. § 2241

The savings clause in § 2255(e) provides a petitioner the opportunity to pursue habeas relief under § 2241 if it appears that the remedy allowed in a § 2255 proceeding is inadequate or ineffective to test the legality of the person's conviction. The fact that Petitioner is prevented from filing a successive § 2255 motion does not render the proceeding "ineffective" such that he may now pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)). Therefore, Petitioner is

not entitled to relief under § 2241 because the appellate court could grant permission to file a § 2255 motion if retroactive relief were available.

## 2. Writ of Coram Nobis

Relief under a theory of *coram nobis* was traditionally available only to raise factual errors affecting the validity and regularity of the underlying proceeding itself, such as a defendant's being under age or deceased. Carlisle v. United States, 517 U.S. 416, 429 (1996). Although the All Writs Act provides residual authority for courts to issue writs not otherwise addressed by statute, such authority ends where a statute controls. Id. Thus, the Fourth Circuit found that the writ was properly granted "in light of a retroactive dispositive change in the law of mail fraud" where petitioners had already served their sentences and had no other remedy available. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (vacating convictions in wake of McNally v. United States, 483 U.S. 350 (1987)).

Petitioner was lawfully sentenced under then-existing law, and subsequent decisions in Carachuri and Simmons have not been made retroactive. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (rejecting petitioner's § 2255 challenge to his career offender enhancement and holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Therefore, Petitioner is not entitled to *coram nobis* relief because no retroactive change in the law has rendered the prior proceedings invalid.

### 3. Writ of Audita Querela

Finally, the writ of *audita querela* is unavailable to a petitioner who may otherwise challenge his conviction or sentence by way of a § 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, No. 12-1720, 2012 WL 5417618, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255)). As explained by that court, *audia querela* is an equitable remedy for a legal defect arising subsequent to judgment. Because relief under Carachuri and Simmons have not been made retroactive, there is no legal defect to cure by *audia querela*.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as successive; and

2. Petitioner's Supplement seeking alternative relief, (Doc. No. 4), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge